UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PAULO DE AZEVEDO,<br><br>             Plaintiff,<br><br>      vs.<br><br>ANNA BOGOMAZ,<br><br>             Defendant. | CIV. NO. 24-00420 LEK-WRP |

### **ORDER DIRECTING REMAND TO STATE COURT FOR LACK OF JURISDICTION**

On September 25, 2024, this matter was removed from the State of Hawai`i Circuit Court of the First Circuit ("state court") to the United States District Court for the District of Hawai`i by *pro se* Defendant Anna Bogomaz ("Defendant") pursuant to Title 18 United States Code Section 1441. [Notice of Removal, filed 9/25/24 (dkt. no. 1).] This Court issued an order *sua sponte* directing the parties to submit briefing on whether subject matter jurisdiction exists in this case. [Minute Order - EO: Court Order: Directing the Parties to Submit Briefing Regarding Jurisdictional Issues; and Informing the Parties that No Action Will Be Taken on Plaintiff's Motions Until the Jurisdictional Issues Are Resolved, filed 10/2/24 (dkt. no. 9).] Defendant filed her response on October 15, 2024, [Def.'s Brief Regarding Jurisdictional Issues, filed 10/15/24 (dkt. no. 10) ("Def.'s Response"),] and Plaintiff Paulo De Azevedo

("Plaintiff") filed his response on October 30, 2024, [Pltf.'s Memorandum Regarding Federal Question Jurisdiction, filed 10/30/24 (dkt. no. 18) ("Pltf.'s Response")].

Defendant proceeds *pro se*, and therefore the Court will liberally construe her filings and afford her the benefit of any reasonable doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

The Court having carefully considered the submissions and having liberally construed Defendant's arguments concludes federal jurisdiction does not exist because the parties and their claims do not confer federal question or diversity jurisdiction. Therefore, this matter is REMANDED to state court.

## BACKGROUND

Plaintiff filed this action originally in state court. [Notice of Removal, Complaint for Injunctive Relief and Breach of Operating Agreement, filed 9/25/24 in the state court, CV-24-0001129 ("Complaint").] This lawsuit states, among other things, that the parties are married and residents of Hawai`i; [Complaint at ¶¶ 1-2;] that they are owners of I Surf Hawaii Surf School LLC and operate Kahu Surf School; that they entered into a contact on November 1, 2022 ("Operating Agreement"); [id. at ¶¶ 5-6;] payment from customers could be made through a website known as "Kahusurfschool.com"; [id. at ¶ 5;] changes were made to the website by Defendant, and customer bookings and

2

payments were redirected to a website and a bank account solely controlled by Defendant, [id. at ¶¶ 9, 12-13, 16]. Plaintiff seeks injunctive relief, remedies for breach of contract, remedies for breach of the implied covenant of good faith and fair dealing, an accounting, and inspection of books and records of the business. [Id. ¶¶ 26-48.]

## **DISCUSSION**

The main point of Defendant's arguments in support of federal jurisdiction is her belief that she has removed a "portion of the case concerning the website to Federal Court . . . [because] issues of website ownership, access, and copyright are governed by federal law." [Def.'s Response at PageID.92.] She is mistaken. As Plaintiff points out, there is no federal claim in the action as it is essentially a breach of contract matter. [Pltf.'s Response at 8.]

> Federal courts are courts of limited jurisdiction:
>
> Article III, § 2, of the Constitution delineates "[t]he character of the controversies over which federal judicial authority may extend." Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U. S. 694, 701 (1982). And lower federal-court jurisdiction "is further limited to those subjects encompassed within a statutory grant of jurisdiction." Ibid. Accordingly, "the district courts may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U. S. 546, 552 (2005).
>
> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two

3

> general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which "to vindicate federal rights," whereas diversity jurisdiction provides "a neutral forum" for parties from different States. Exxon Mobil Corp., *supra*, at 552.

Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 437–38 (2019) (alterations in Home Depot).

First, the parties do not dispute that both are citizens of Hawai`i and thus there is no basis for diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). Second, although Defendant may have filed a counterclaim in the state court action regarding claims of access and ownership for the website, and copyright, see state court dkt. no. 28, her counterclaim does not confer federal jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("It follows that a counterclaim — which appears as part of the defendant's answer, not as part of the plaintiff's complaint — cannot serve as the basis for 'arising under' jurisdiction." (citations omitted)).

The Court, having liberally construed Defendant's submission and being cognizant that she is representing herself and proceeds *pro se*, concludes that federal jurisdiction does

4

not exist in this lawsuit and therefore it must be remanded to state court.

## **CONCLUSION**

This matter is REMANDED to state court and the Clerk's Office is DIRECTED to effectuate the remand on **November 19, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 4, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**PAULO DE AZEVEDO VS. ANNA BOGOMAZ; CV 24-00420 LEK-WRP; ORDER DIRECTING REMAND TO STATE COURTS FOR LACK OF JURISDICTION**